1  Albert Felix

2  9304 ½ West Olympic Blvd.

3  Beverly Hills CA 90212

4  559-756-9494

5  Plaintiff in Pro Per

6

7



FILED
CLERK, U.S. DISTRICT COURT

AUG 1 8 2014

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8           UNITED STATES DISTRICT COURT

9         CENTRAL DISTRICT OF CALIFORNIA

10                                    CV14-6479 PSG  AJWx

11              Plaintiff,          Case No.: [Case number]

12  Albert Felix,

13  vs.                             **Civil Rights Complaint**

14              Defendant           **Pursuant to:**

15  Doe(s) 1-10 who work for the National    Bivens

16  Security Agency.

17  E-mail: nsapao@nsa.gov                   **Jury Trial Demanded:**

18  Phone: (301) 688-6524           No

19

20  Glade Roper

21  Tulare County Superior Court - Porterville

22  Division

23  300 East Olive

24  Porterville, CA 93257

25

26  David Wooten

27  Tulare County Superior Court - Porterville

28  Division

Civil Rights Complaint Pursuant To U. S. C. 1983

1

1  | 300 East Olive

2  | Porterville, CA 93257

3  |

4  | Ann Cavin

5  | Tulare County Superior Court - Porterville

6  | Division

7  | 300 East Olive

8  | Porterville, CA 93257

9  |

10 | Unknown Named Politician(s)

11 | 1600 Pennsylvania Avenue, NW

12 | Washington, DC 20500

13 |

14 | Employee(s) of the Department of Justice

15 | 950 Pennsylvania Avenue, NW

16 | Washington, DC 20530

17 |

18 | Unknown Named Agent of Homeland Security

19 | SAC San Diego

20 | 185 West F Street, Suite 600

21 | San Diego, CA 92101

22 |

23 | Unknown Hacker(s) or Unknown Federal

24 | Contractor(s)

25 | Classified

26 |

27 | Federal Bureau of Investigation

28 | 935 Pennsylvania Avenue, NW

Civil Rights Complaint Pursuant To U. S. C. 1983

1   Washington, DC 20535-001

2

3

4

5

6

7

8   **Civil Rights Complaint Pursuant to:**

9   Bivens

10                          **I.    Jurisdiction**

11   1. This court jurisdiction under 28 U. S. C. 1331 and 28 U. S. C. 1343.  Federal
        question jurisdiction arises pursuant to 42 U. S. C. 1983.

12

13                          **II.    Venue**
     2. Venue is proper pursuant to 28 U. S. C. 1391 because a large part of the crimes
        took place at 9304 ½ West Olympic Boulevard, Beverly Hills, CA 90212.

14

15                          **III.    Parties**
     3. Plaintiff, Albert Felix, resides at:  9304 ½ West Olympic Boulevard, Beverly

16      Hills, CA 90212.
     4. Federal workers or contractors are Defendant(s) described as Doe(s) 1 - 10

17      working with the National Security Agency, whom are acting under the USA
        Patriot Act in an individual and official capacity.  The information that was

18      obtained about the agency is from the website with the address of www.nsa.gov.
     5. Glade Roper and David Wooten of the Tulare County Superior Court - Porterville

19      Division are making judgments based on the Common Law of California.
     6. Ann Cavin if a private contractor of the Tulare County Superior Court -
        Porterville Division transcriber.

20

21

22

23

24

25

26

27

28

I.   **Statement of Facts**

**Name:**  Employee(s) of the Department of Justice

**Date:**  In February of 2012.

**Place:**  Porterville, CA

**What the defendant did:**  Made a mistake of prohibiting firearm purchase.


**Name:**  Judge Glade Roper

**Date:**  In July of 2012.

**Place:**  Tulare County Superior Court, Porterville Division

**What the defendant did:**  The evidence is identified by many printed pictures showing defects in the 1963 Impala and copies of falsified estimates.  While I was at a Trial de Novo, Roper allowed former Army Interrogator and Attorney, Mr. Degn, who was representing Beto's Auto Body to ask me questions for four to five hours. When I asked why the trial was talking place he ignored me.  Instead of answering a lot of my questions he used body language in order to not be recorded by the transcriber.  He would not let me gather evidence.  He ignored sold facts that proved my case like pointing out the Humberto Solis lied in a previous case. Humberto had a translator in the preceding small claims case.  He has communicated sufficiently with me in the past using English.  During the Trial De Novo he was talking English and has communicated fine during our months of conducting business. Humberto presented false estimates without my signature.  I have many pictures with defects in the car that got painted.  I have a lot of quotes and articles, where the now retired Judge Roper explains his vast connection with the attorney community.  He called a witness.


**Name:**  Ann Cavin who court reported.

**Date:**  In July of 2012.

**Place:**  Tulare County Superior Court, Porterville Division

4

**What the defendant did:** Ann was appearing at the Porterville Court House for probably the first time which was later stated by Commissioner David Wooten in a small claims case, Albert Felix versus Jobie Costa.

**Name:** Unknown Named Agent of Homeland Security

**Date:** Beginning of 2012.

**Place:** Regents Dental Group

**What the defendant did:** Offered Stephanie Felix a business card to Stephanie identifying himself as a worker of Home Land Security and invited her to lunch.

**Name:** Wayne Stansel or Doe(s) 1-10

**Date:** Beginning of 2012.

**Place:** Regents Dental Group

**What the defendant did:** Caused financial problems by getting Stephanie, my fiancée and mother of my three children mysteriously got fired from Regents Dental Group after many years of a successful work through Marla Stansel.

**Name:** Doe(s) 1-10 or Unknown Named Politician(s).

**Date:** Beginning August 2012

**Place:** Between La Jolla, CA and Porterville, CA

**What the defendant did:** Seized my T-Mobile Communication. During the September 2012 Election my phone stopped working properly. I was interrogated and harassed to the point to where I wanted to switch carriers. Cell phone, internet, and communication with surrounding people became corrupt. I lost a friend that I had for years, due to confusion. I heard other peoples' calls when this service hand not done it in the past. The phone had a lot of errors and needed to be restarted. Other electronic devices stopped working with constant disconnections.

5

**Name:**  Doe(s) 1-10

**Date:**  June 2012

**Place:**  Near Rhyolite Nevada

**What the defendant did:**  Invaded privacy with a fast moving aircraft identified on a video on disk 3.


**Name:**  David Wooten

**Date:**  August 2013

**Place:**  Porterville Court House

**What the defendant did:**  Ignored safety concerns shown on disk 2.  Robert is either an associated with Beto's Auto Body or a law enforcement agent.  David ignored that Jobie Costa Jr. was at his dad's house displaying gang signs.  He also let Glade Roper avoid a trial.


**Name:**  Marla Stansel the Manager and Registered Dental Hygienist of Regents Dental Group.

**Date:**  Approximately at the end of December 2012.

**Place:**  826 South Chess Terrace Street, Porterville, CA 93257

**What the defendant did:**  Marla sent me a bill that she knows I did not agree to pay for on top of the fact that she stole dental instruments from Stephanie that was valued at more than bill that was sent.


**Name:**  Doe(s) 1-10 or Unknown Named Politician(s)

**Date:**  August 31, 2012 - September 2013

**Place:**  At an office named Intelligence Office in La Jolla.

**What the defendant did:**  Seized my ATT Communication, cellular phone and internet access, and listened to conversations.

1    **Name:** Doe(s) 1-10 or Unknown Named Politician(s)

2    **Date:** Sometime around September 2013

3    **Place:** At an office named Intelligence Office in La Jolla.

4    **What the defendant did:** Tried to trick me by using the office manager Gustavo into

5    giving them information so that they could hack different electronic devices.  The

6    address of the office was 4275 Executive Square, Suite 200, La Jolla CA 92037, with

7    a phone number of (858) 964-2300, with a website of www.intelligentoffice.com, and

8    an e-mail of sandiego.cs@intelligentoffice.com.

9

10    **Name:** Doe(s) 1-10 or Unknown Named Politician(s)

11    **Date:** Sometime around September 2013

12    **Place:** Between La Jolla and Porterville CA

13    **What the defendant did:**

14    I had a lot of success with a song "My Green Motivation".  I had approximately

15    900,000 hits on my website.  Over twenty-one million FaceBook impressions where

16    advertised.  Politicians or advertising agencies used my song's success to promote

17    themselves by mimicking my personality.

18

19    **Name:** Doe(s) 1-10 or Unknown Named Politician(s) or Consulting Agency that

20    analyzed my phone calls

21    **Date:** September 2012

22    **Place:** Between La Jolla, CA and Porterville, CA

23    **What the defendant did:** I was having a phone conversation with Stephanie Felix

24    during the 2012 Presidential Election about how Barrack Obama would look more

25    appealing to women during the debates if he trimmed his hair.  The next debate

26    President Obama had his hair cut.  Someone heard this conversation and used the

27    strategy.

28

1  **Name:**  Doe(s) 1-10 or Unknown Named Politician(s) or Consulting Agency that

2  analyzed my phone calls

3  **Date:**  September 2012

4  **Place:**  Between La Jolla, CA and Porterville, CA

5  **What the defendant did:**  I was having a phone conversation with Stephanie Felix

6  during the 2012 Presidential Election about how marriage is and its significance.

7  Mitt Romeny was seen shortly thereafter drawing a lot of attention to his wedding

8  ring during one of the three debates.  Someone heard this conversation and used the

9  strategy.

10

11  **Name:**  Doe(s) 1-10 or Unknown Named Politician(s) or Consulting Agency that

12  analyzed my phone calls

13  **Date:**  September 2012

14  **Place:**  Between La Jolla, CA and Porterville, CA

15  **What the defendant did:**  I was having a phone conversation with Stephanie Felix

16  during the 2012 Presidential Election about how marriage is and its significance.

17  President Obama was seen shortly thereafter drawing a lot of attention to his

18  wedding ring during one of the three debates.  Someone heard this conversation and

19  used the strategy.

20

21  **Name:**  Doe(s) 1-10 or Unknown Named Politician(s) or Consulting Agency that

22  analyzed my phone calls

23  **Date:**  September 2012

24  **Place:**  Between La Jolla, CA and Porterville, CA

25  **What the defendant did:**  I was having a phone conversation with Stephanie Felix

26  during the 2012 Presidential Election about how males tend to follow females' views

27  on popular culture.  President Obama was shortly thereafter rallying up the

28

females.   There was even a graph during the election showing a live poll.   Someone heard this conversation and used the strategy.


**Name:**   Doe(s) 1-10 or Unknown Named Politician(s) or Consulting Agency that analyzed my phone calls

**Date:**   September 2012

**Place:**   Between La Jolla, CA and Porterville, CA

**What the defendant did:**   I was having a phone conversation with Stephanie Felix during the 2012 Presidential Election about the importance of reading the bible. Shortly thereafter President Obama appeared on television stating the importance of putting God back into the home.   Someone heard this conversation and used the strategy.


**Name:**   Doe(s) 1-10 or Unknown Named Politician(s)

**Date:**   On Thursday 10/4/12 at 11:45 AM.

**Place:**   In La Jolla accessing a hotmail account.

**What the defendant did:**   I tried to use different location to conduct my work.   The friction in the office became so overwhelming that Vickey Acevedo, Sales Manager and I came to agreement to break an office lease.   I did not spend a lot of time at the office because strange occurrences.


**Name:**   Glade Roper

**Date:**   2/26/13 2:00 AM

**Place:**   Porterville, CA

**What the defendant did:**   On Disk 1 there is a video of a person who was encouraged by a wrong judgment to conduct illegal activity.   I stated during the Trial De Novo that Jobie Costa got shot at by a "crip" in Visalia California.   I also presented

1   to the Porterville Court House a picture of Jobie Costa Junior standing in front of

2   their house displaying gang signs.

3

4   **Name:**  Marla Stansel

5   **Date:**  3/12/2013

6   **Place:**  826 S. Chess Terrace Street, Porterville CA 93257.

7   **What the defendant did:**  Sent a bill to Transworld Systems that never belonged to

8   me.  By sending me to collections, I believe her goal was to eavesdrop on my

9   conversations with the goal of sabotaging.   I have not had time to fully

10  investigate this matter.  There are formal complaints to the Federal Government.

11

12  **Name:**  Doe(s) 1-10 or Unknown Named Hacker(s)

13  **Date:**  10/21/13

14  **Place:** Porterville, CA

15  **What the defendant did:**  Someone collected information in an illegal no care for

16  someone's rights attitude and interrogating my Union Bank Checking Account,

17  SiteGround Website, and Hotmail account.  Someone used a hacking tool to obtain the

18  password and enter the account.  I have not had time to fully investigate this

19  matter.  There are formal complaints to the Federal Government.

20

21  **Name:**  Doe(s) 1-10 or Unknown Named Politician(s)

22  **Date:**  November 2013-current

23  **Place:**  Where ever I make calls.

24  **What the defendant did:**  Seized my Cricket Communication by cutting my phone calls

25  off, reducing me to a phone that does not have a lot of functionality, and

26  sabotaging my life based on phone conversation.  The defendant accessed my stored

27  information.

28

1    **Name:** Doe(s) 1-10

2    **Date:** 1/12/14 at 9:13 AM

3    **Place:** In Porterville CA accessing the World Wide Web.

4    **What the defendant did:** My phone communication was killed. Then my computer was

5    having severe difficulties functioning. At 9:14 AM I was cut off again. At some

6    point in time I received an odd call from (209) 941-4223. I was trying to access

7    NSA Website or call the government.

8

9    **Name:** Doe(s) 1-10

10   **Date:** On Monday 1/13/14 at 10:58 AM

11   **Place:** In Beverly Hills accessing the World Wide Web.

12   **What the defendant did:** Someone with the ability to intercept 13 e-mails messages

13   did while I was attempting to contact the Los Angeles Times.

14

15   **Name:** Unknown Federal Management Doe(s)

16   **Date:** 1/16/14 10:56 AM

17   **Place:** In Beverly Hills accessing the World Wide Web.

18   **What the defendant did:** Evidence identified by Disk 0. This particular video is

19   named "broadcastManipulation". The defendant instructed the people who display

20   footage to exclude my IP address or area.

21

22   **Name:** Unknown Federal Doe(s) or Unknown Hacker(s) or Unknown Federal Contractor(s)

23   **Date:** 1/20/14 at 12:22 PM

24   **Place:** In Beverly Hills accessing the World Wide Web

25   **What the defendant did:** Evidence identified by Disk 1. The defendant either

26   stole my IP address or accessed my computer.

27

28   **Name:** Unknown Federal Management Agents(s)

**Date:** Later January of 2014 between 1/18/14 to 1/29/14.

**Place:** In Beverly Hills calling from phone number (559) 756-9494 call the Federal Bureau of Investigation.

**What the defendant did:** Video evidence identified by Disk 1.  The defendant more than likely documented once that Obama is mentioned to disconnect the call which happened three times.


**Name:** Unknown Federal Doe(s) or Unknown Hacker(s) or Unknown Federal Contractor(s)

**Date:** Sometime before February of 2014.

**Place:** Not sure when the application was installed and used.

**What the defendant did:** Evidence identified by Disk 0.  This particular video is named "IllegalEntry".  The defendant(s) installed surveillance software into my daughter's tablet.


**Name:** Unknown Federal Doe(s) or Unknown Hacker(s) or Unknown Federal Contractor(s)

**Date:** Sometime before February of 2014.

**Place:** Not sure when the application was installed and used.

**What the defendant did:** Evidence identified by Disk 0.  This particular video is named "PrivacyConfiscation".  The defendant(s) installed surveillance software into my daughter's tablet.


**Name:** Doe(s) 1-10 or Unknown Private Investigator(s)

**Date:** On Monday, 1/20/14 at 8:10 AM.

**Place:** I was in Beverly Hills accessing the World Wide Web.

**What the defendant did:** I was in the process of filing complaints with different parts of the United States Federal Government.  I was trying to figure out the situation by reading information posted on www.justice.gov.  I have had a difficult time achieving privacy.  I have paid for HMA Software that encrypts.  Unknown

12

Doe(s) or Unknown Private Investigator(s) that have had me under surveillance for a long time likely stole my IP Address from this government website.  After they found out where I was they caused some type of interference.  Please refer to Disk 0 for example of this activity.

**Name:**  Unknown Federal Doe(s) or Unknown Hacker(s) or Unknown Federal Contractor(s)

**Date:**  1/21/14 at approximately 7:17 AM

**Place:**  In Beverly Hills accessing the World Wide Web.

**What the defendant did:**  Evidence identified by Disk 0.  This particular video is named "e-mailConfiscation".  Made researching difficult, sabotaged websites, frustrated, confused, wasted time, and tricked.  I could not send and receive e-mail to people of interest without being harassed and controlled.

**Name:**  Doe(s) 1-10

**Date:**  In January of 2014.

**Place:**  In Beverly Hills while I was accessing the World Wide Web

**What the defendant did:**  After I petitioned I was promptly punished for doing so. Some agent used a password hacking application to obtain my password or voice conversations while using a cellular phone to gain access to my website www.albertfelix.com. After making fast access of my website it was seized and a lot of the features of the Word Press Website had been adjusted.

**Name:**  Doe(s) 1-10 or Unknown Named Politician(s)

**Date:**  1/20/14 at 1:54PM

**Place:**  In Beverly Hills accessing the World Wide Web

**What the defendant did:**  I learned that a federal law used to cover up a mistaken firearm purchase was being promoted in the State of California.  Someone with the authority to influence the lawmakers did.

**Name:** Doe(s) 1-10

**Date:** 1/21/14, Tuesday at 8:24 AM

**Place:** I was located in Beverly Hills while I was accessing the World Wide Web.

**What the defendant did:** I was attempting to communicate with Craig Huey, via his e-mail of craig@craighuey.com, whom at the time I thought was one of many politicians whom may have had interest in my story. I approximate that I sent 25 e-mails to politicians this day. I did not receive a returned form of communication to any of three forms of communication that I left.

**Name:** Doe(s) 1-10

**Date** 1/21/14, Tuesday at 6:30 AM

**Place:** I was located in Beverly Hills while I was accessing the World Wide Web.

**What the defendant did:** While I was attempting to communicate with the California Rifle & Pistol Association with e-mail address of thefiringline@crpa.org with information regarding the odd treatment I had been suffering. I also thought they may have had interest in my story. I had been having communication malfunction for most of the day. I approximate that I sent 15 e-mails to organizations of interest. I did not receive a returned form of communication to any of three forms of communication that I left.

**Name:** Doe(s) 1-10

**Date** 1/23/14, Thursday at 1:30 PM

**Place:** I was located in Beverly Hills while I was accessing the World Wide Web.

**What the defendant did:** I was attempting to communicate with Privacy and Civil Liberties Oversight, via their e-mail of info@pclob.gov, which at the time I thought was an avenue to communicate with the United States Federal Government. I

did not receive a returned form of communication to any of three forms of communication that I left.

**Name:** Doe(s) 1-10

**Date:** 1/23/14, Tuesday at 9:39 PM

**Place:** I was located in Beverly Hills while I was accessing the World Wide Web.

**What the defendant did:** I was attempting to communicate with National Rifle Association with information that I had gotten at www.nra.org because I also thought they may have had interest in my story.  I had been having communication malfunction for most of the day.  There is video and printouts of this to refer to. I approximate that I sent 15 e-mails to organizations of interest.  I did not receive a returned form of communication to any of three forms of communication that I left.  I will later list the possibilities then state facts.

**Name:** Unknown Federal Doe(s) or Unknown Hacker(s) or Unknown Federal Contractor(s)

**Date:** 1/25/14 at approximately 11:17 AM

**Place:** In Beverly Hills accessing the World Wide Web.

**What the defendant did:** Evidence identified by Disk 0.  This particular video is named "CommunicationSeizer".  Made researching difficult, sabotaged a PBS website, frustrated, confused, and wasted time.

**Name:** Unknown Federal Doe(s) or Unknown Hacker(s) or Unknown Federal Contractor(s)

**Date:** 2/19/14

**Place:** In Beverly Hills accessing the World Wide Web.

**What the defendant did:** I discovered that Wayne Stansel or associates listened to my phone conversation and stole one of my business ideas of being a security expert.

1    **Name:** Wayne Stansel or Doe(s) 1-10

2    **Date:** On Wednesday 2/23/14

3    **Place:** Beverly Hills accessing the World Wide Web

4    **What the defendant did:** Wayne Stansel or some Doe(s) 1-10 changed his profile on

5    Linkedin.

6    **Date:** On Wednesday 2/19/14 information on Mr. Stansel was obtained from Linkedin

7    details as: Navy SEAL @ US Navy, Deployed Operations Manager @ General Atomics

8    Aeronautical Systems, Vice President of Operations at NCIC Investigations &

9    Computer Forensics (Special Operations Strategic Initiatives) @ L-3 communications.

10   Two contact numbers where listed for the investigation businesses, (858) 565-1255

11   and (858) 320-1800.  Information from this profile also stated that he currently is

12   working.

13   **Date:** On Sunday 2/23/14 the profile found under Wayne Stansel's name had

14   completely changed and there was a picture of a man that looks similar to Wayne but

15   who is described as a Client Services Supervisor at Mercer and is from the Chicago

16   Area.  On this day I could no longer find the Wayne's Profile that was available

17   four days prior to the changes.  After researching where he currently worked,

18   information was obtained that he works for a private investigation organizations

19   that seems to have all the tools to break into my computer and seize all my

20   personal information.

21

22   **Name:** Doe(s) 1-10

23   **Date:** On the day of 3/10/14.

24   **Place:** In Beverly Hills accessing the World Wide Web.

25   **What the defendant did:** After successfully complaining to IC3.  Doe(s) were

26   notified, accessed the complaint, or was told about the complaint and I was again

27   punished and had my access to HMA confiscated.

28

1   **Name:**  Doe(s) 1-10

2   **Date:**  On the day of 2/26/14 9:00 AM.

3   **Place:**  Los Angeles CA

4   **What the defendant did:**  While I was making my way to this court house an agent

5   confiscated the GPS signals from the satellites that the Federal Government

6   controls or controlled traffic flow.

7

8   **Name:**  Doe(s) 1-10

9   **Date:**  On Tuesday 3/4/14 at 11:05 AM.

10   **Place:**  I was accessing the World Wide Web from Beverly Hills.

11   **What the defendant did:**  I was researching laws.  A lot of the sites that I was

12   accessing were government websites.  I was again rebuked for trying to research and

13   petition by having information that I was looking for hidden.

14

15   **Name:**  Doe(s) 1-10

16   **Date:**  On Wednesday 3/12/14 at 7:09 AM

17   **Place:**  I was in Beverly Hills accessing the World Wide Web.

18   **What the defendant did:**  Doe(s) 1-10 intercepted, sabotaged, confused, and seized

19   one of my lines of communications by entering the wrong password too many times.  I

20   tried to contact hundreds of attorneys that may be able to handle this federal

21   case.  I have had a horrible time lately communicating in many different ways

22   because; in specific I am referring to e-mail.  It seems as if someone in a

23   managerial position has or is sabotaging my communication.  I attempted to

24   establish reliable communication by starting another e-mail account which

25   alleviated the issue temporarily.

26

27   **Name:**  Doe(s) 1-10

28   **Date:**  On Wednesday 3/12/14 at 7:48 AM.

1   **Place:**  In Beverly Hills accessing the World Wide Web.

2   **What the defendant did:**  After trying to establish communication with the Federal

3   Government one of my lines of communication was sabotaged and in a sense seized.

4   Someone put too many passwords into an e-mail account contact@albertfelix.com.

5

6   **Name:**  Doe(s) 1-10

7   **Date:**  On Thursday 3/13/14 at 1:14 AM

8   **Place:**  I was in Beverly Hills accessing the internet.

9   **What the defendant did:**  After trying to establishing a healthy line of

10   communication with the Federal Government I was punished by having my online

11   identity confiscated.  Doe(s) 1-10 either took advantage of a software flaw with

12   Internet Explore then took control of the browser.  They also confiscated, hacked,

13   or manipulated the software of HMA.

14

15   **Name:**  Doe(s) 1-10

16   **Date:**  On the day of 3/5/14 at 10:48AM.

17   **Place:**  I was in Beverly Hills accessing the internet.

18   **What the defendant did:**  Some Doe(s) 1-10 accessed information that I was seeking

19   help to exercise my right to petition.  They then figured out a way to punish me by

20   having my IP address confiscated.

21

22   **Name:**  Federal Bureau of Investigation

23   **Date:**  On Monday June 9th at 12:30 PM.

24   **Place:**  Calling from Beverly Hills with phone identified by number (559) 756-9494.

25   **What the defendant did:**  Failed to establish communication.

26

27   **Name:**  Doe(s) 1-10 of the Federal Bureau of Investigation

28   **Date:**  6/11/14 at 10:53 AM.

18

1   **Place:**   I was accessing the World Wide Web from Beverly Hills.

2   **What the defendant did:**   I was trying to complain about the National Security

3   Agency leaking information to a Judge.   Whoever has the ability to kill

4   communication was likely frustrating me, in a sense frisking, and using this method

5   to investigate me.

6

7   **Name:**   Doe(s) 1-10 of the Federal Bureau of Investigation

8   **Date:**   6/11/14 at 11:14 AM.

9   **Place:**   I was accessing the World Wide Web from Beverly Hills.

10   **What the defendant did:**   I was trying to complain about someone confiscating my

11   ability to communicate with the Federal Government; someone who is more than likely

12   in a management role confiscated communication.

13

14   **Name:**   Doe(s) 1-10

15   **Date:**   7/31/14 at 11:14 AM.

16   **Place:**   I was accessing the World Wide Web from Beverly Hills.

17   **What the defendant did:**   CIA Director John Brennan admitted that hacking is done by

18   the Federal United States Government.   The defendant(s) stopped hacking into my

19   computers.

20

21   **Name:**   Doe(s) 1-10

22   **Date:**   8/4/14 at 6:23 PM.

23   **Place:**   I was accessing the World Wide Web from Beverly Hills.

24   **What the defendant did:**   An article that I found at www.usatoday.com enlighten me

25   that Tor a Brower that I use in an attempt to maintain privacy and conduct business

26   is more than likely controlled by the United States Federal Government.   The

27   defendant(s) stopped controlling my World Wide Web access.

28

19

Also upon further investigation, more than likely revealed facts should show that the fifth and six Amendment Rights have been compromised which includes, due process and the right to confront and counsel. Upon further investigation and revelation of facts more than likely many more of my Amendment Rights have been violated. I am presenting two discs and about a one inch high stack of paper. I do have more evidence. What I am displaying is small in comparison to what has happen to me and my family.

## II. Claims

### Claim #1

Plaintiff realleges and incorporates by reference all of the paragraphs above.

Plaintiff has a claim under 42 U. S. C. 1983 for violation of the following federal constitutional or statutory right:

It is asserted by the plaintiff that his First Amendment Right was violated; religions, speech, press, assembly, and petition. The First Amendment to the United States Constitution states:

> Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

The above right was violated by the following Defendants:

20

1  (You may list facts supporting your claim.  Be specific about how each Defendant

2  violated this particular civil right.)

3

4  **Freedom of speech:** [A]bove all else, the First Amendment means that government has

5  no power to restrict expression because of its message, its ideas, its subject

6  matter, or its content.  To permit the continued building of our politics and

7  culture, and to assure self-fulfillment for each individual, our people are

8  guaranteed the right to express any thought, free from government censorship. The

9  essence of this forbidden censorship is content control. Any restriction on

10  expressive activity because of its content would completely undercut the 'profound

11  national commitment to the principle that debate on public issues should be

12  uninhibited, robust, and wide-open.'

13  **Ability to petition:**  The **right to petition government for redress of grievances** is

14  the right to make a complaint to, or seek the assistance of, one's government,

15  without fear of punishment or reprisals.  I have not been able to complain about

16  conflict that I see between organization and its' members.

17

18  **Emotional distress:**

19

20  As a result of the Defendants violation of the above civil right, Plaintiff was

21  harmed in the following way:

22

23                                   **Claim #2**

24  Plaintiff realleges and incorporates by reference all of the paragraphs above.

25  Plaintiff has a claim under 42 U. S. C. 1983 for violation of the following federal

26  constitutional or statutory right:

27  It is asserted by the plaintiff that his Fourth Amendment Right was violated;

28  search and seizure.  The Fourth Amendment of the United States Constitution states:

1    The right of the people to be secure in their persons, houses, papers, and

2    effects, against unreasonable searches and seizures, shall not be violated, and

3    no Warrants shall issue, but upon probable cause, supported by Oath or

4    affirmation, and particularly describing the place to be searched, and the

5    persons or things to be seized.

6

7  The above right was violated by the following Defendants:

8

9  **Searches and seizure pursuant to warrant:**

10  **Probable cause:**

11  **Property subject to seizure:**

12  **Detention short of arrest:**

13  **Electronic surveillance:**

14

15  (You may list facts supporting your claim.  Be specific about how each Defendant

16  violated this particular civil right.)

17

18

19

20  As a result of the Defendants violation of the above civil right, Plaintiff was

21  harmed in the following way:

22

23

24                        III.   <u>Request for Relief</u>

25

26  WHEREFORE, the Plaintiff requests:

27

28  The Plaintiff requests forty million dollars for pain, suffering, and lost time to

work.

1

2   The Plaintiff also requests ten thousand dollars from Glade Roper.

3

4   The Plaintiff also requests ten thousand dollars from David Wooten.

5

6   The Plaintiff also requests ten thousand dollars from Ann Cavin.

7

8

9   The Plaintiff also requests that sufficient access privileges be installed in the

10  National Security Agency and login recording.  Also requested is to have a separate

11  monitoring group oversee the NSA.

12

13  The Plaintiff also requests that all information that has been stored concerning

14  Albert Felix be reviewed for its accuracy.

15

16  Dated: _____8/18/14_____

17  Sign: _____Albert Felix_____

18  Print Name: ___Albert Felix___

19

20                          **Demand for Jury Trial**

21

22  Plaintiff hereby requests a jury trial on all issues raised in this complaint.

23

24  Dated: _____8/18/14_____

25  Sign: _____Albert Felix_____

26  Print Name: ___Albert Felix___

27

28

# 28 U.S.C. § 1391 : US Code - Section 1391: Venue generally

## Search 28 U.S.C. § 1391 : US Code - Section 1391: Venue generally

- Search by Keyword or Citation

5 2321

(a) Applicability of Section. - Except as otherwise provided by law -
 (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and
 (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.

(b) Venue in General. - A civil action may be brought in -
 (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
 (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
 (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

(c) Residency. - For all venue purposes -
 (1) a natural person, including an alien lawfully admitted for permanent residence in the United States, shall be deemed to reside in the judicial district in which that person is domiciled;
 (2) an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question and, if a plaintiff, only in the judicial district in which it maintains its principal place of business; and
 (3) a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants.

24

(d) Residency of Corporations in States With Multiple Districts.

For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

(e) Actions Where Defendant Is Officer or Employee of the United States. -

(1) In general. - A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

(2) Service. - The summons and complaint in such an action shall be served as provided by the Federal Rules of Civil Procedure except that the delivery of the summons and complaint to the officer or agency as required by the rules may be made by certified mail beyond the territorial limits of the district in which the action is brought.

(f) Civil Actions Against a Foreign State. - A civil action against a foreign state as defined in section 1603(a) of this title may be brought -

(1) in any judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

(2) in any judicial district in which the vessel or cargo of a foreign state is situated, if the claim is asserted under section 1605(b) of this title;

(3) in any judicial district in which the agency or instrumentality is licensed to do business or is doing business, if the action is brought against an agency or instrumentality of a foreign state as defined in section 1603(b) of this title; or

(4) in the United States District Court for the District of Columbia if the action is brought against a foreign state or political subdivision thereof.

(g) Multiparty, Multiforum Litigation. - A civil action in which jurisdiction of the district court is based upon section 1369 of this title may be brought in any district in which any defendant resides or in which a substantial part of the accident giving rise

to the action took place.

- See more at:
http://codes.lp.findlaw.com/uscode/28/IV/87/1391#sthash.5LKVuUHT.dpuf

# 42 U.S.C. § 1983

**From Conservapedia**

**42 U.S.C. § 1983**, popularly known as **"Section 1983**," is a federal law that allows lawsuits for violations of constitutional rights.

Section 1983 establishes a cause of action for any person who has been deprived of rights secured by the Constitution or laws of the United States by a person acting under color of state law. A plaintiff must prove that (1) the conduct was committed by a person acting under color of state law and (2) that as a result of this conduct plaintiff was deprived of rights, privileges or immunities secured by the Constitution or the laws of the United States.

The first requirement is known as the state action requirement. Plaintiff must prove that conduct was "fairly attributable to the state," and attribution is limited because it "preserves an area of individual freedom by limiting the reach of federal law and federal judicial powers." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982).

In *Monell v. Department of Social Services*, the U.S. Supreme Court held that municipalities and local governments can be sued if the action was attributable to an official policy. They do not enjoy absolute immunity. But the defendant municipal officials must have had "final policymaking authority" to bind the municipality.

The Eleventh Amendment prohibits Section 1983 claims against states and therefore state officials for money damages.

Section 1988 of Title 42 of the United States Code provides for reimbursement of attorneys' fees to plaintiffs who prevail under Section 1983. Defendants may obtain attorneys' fees only if the action is frivolous. *See Hughes v. Rowe* (1980).

# Contents

- 1 Supreme Court Standard
- 2 Statutory Language
- 3 Elements
- 4 Defenses
- 5 Section 1983
- 6 References

# Supreme Court Standard

Chief Justice William Rehnquist wrote for a nearly unanimous Court:[1]

Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights. 42 U.S.C. § 1983. In order to prevail in a § 1983 action for civil damages from a government official performing discretionary functions, the defense of qualified immunity that our cases have recognized requires that the official be shown to have violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982). Thus a court must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation. See *Siegert v. Gilley*, 500 U.S. 226, 232-233, 114 L. Ed. 2d 277, 111 S. Ct. 1789 (1991); see also County of *Sacramento v. Lewis*, 523 U.S. 833, 841, n. 5, 140 L. Ed. 2d 1043, 118 S. Ct. 1708 (1998).

## Statutory Language

42 U.S.C. §1983 authorizes lawsuits against state officials, local officials, and sometimes local governments for violating federal constitutional and statutory rights. The text of the statute is as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

## Elements

A cause of action under Section 1983 requires four elements:

1. conduct by a "person"
2. who acted under "color of law"
3. and proximately caused
4. a deprivation of federally protected rights.

## Defenses

A defendant in a Section 1983 case can assert all the defenses available under tort law. In addition, a defendant can assert common law defenses of absolute or qualified immunity. The defense of absolute immunity is available to judges, prosecutors, legislators and witnesses. The defense of qualified immunity is available to executive and administrative officials.

## Section 1983

Violations of state law are irrelevant to the analysis under Section 1983:

- *Hoffman v. City of Warwick*, 909 F.2d 608, 623 (1st Cir. 1990) ("illegality under the statute can neither add to nor subtract from its constitutional validity" of a state's action) (citation omitted);

- *Committee of United States Citizens v. Reagan*, 859 F.2d 929, 944 (D.C. Cir. 1988) ("Because the

fact of a state law violation does not resolve whether a plaintiff has been deprived of due process, the manner in which the violation occurs as well as its consequences are crucial factors to be considered.")

## References

1. ↑ *Conn v. Gabbert*, 526 U.S. 286 (1999).

Retrieved from "http://www.conservapedia.com/42_U.S.C._%C2%A7_1983"
Categories: United States Law | United States Supreme Court Cases | Section 1983

- This page was last modified on 25 June 2012, at 01:48.

§ 1330                    TITLE 28—JUDICIARY AND JUDICIAL PROCEDURE                    Page 338

Sec.
1345.    United States as plaintiff.
1346.    United States as defendant.
1347.    Partition action where United States is joint
         tenant.
1348.    Banking association as party.
1349.    Corporation organized under federal law as
         party.
1350.    Alien's action for tort.
1351.    Consuls, vice consuls, and members of a diplo-
         matic mission as defendant.
1352.    Bonds executed under federal law.
1353.    Indian allotments.
1354.    Land grants from different states.
1355.    Fine, penalty or forfeiture.
1356.    Seizures not within admiralty and maritime
         jurisdiction.
1357.    Injuries under Federal laws.
1358.    Eminent domain.
1359.    Parties collaterally joined or made.
1360.    State civil jurisdiction in actions to which
         Indians are parties.
1361.    Action to compel an officer of the United
         States to perform his duty.
1362.    Indian tribes.
1363.    Jurors' employment rights.
1364.    Direct actions against insurers of members of
         diplomatic missions and their families.
1365.    Senate actions.
1366.    Construction of references to laws of the
         United States or Acts of Congress.
1367.    Supplemental jurisdiction.
1368.    Counterclaims in unfair practices in inter-
         national trade.
1369.    Multiparty, multiforum jurisdiction.

AMENDMENTS

2002—Pub. L. 107–273, div. C, title I, §11020(b)(1)(B),
Nov. 2, 2002, 116 Stat. 1827, added item 1369.
1990—Pub. L. 108–113, div. B, §1000(a)(9) [title III,
§3009(2)], Nov. 29, 1999, 113 Stat. 1536, 1501A–552, sub-
stituted "trademarks" for "trade-marks" in item 1338.
1998—Pub. L. 105–304, title V, §503(b)(2)(B), Oct. 28,
1998, 112 Stat. 2917, inserted "designs," after "mask
works." in item 1338.
1995—Pub. L. 104–88, title III, §305(a)(4), Dec. 29, 1995,
109 Stat. 944, substituted "Surface Transportation
Board's" for "Interstate Commerce Commission's" in
item 1336.
1994—Pub. L. 103–465, title III, §321(b)(3)(B), Dec. 8,
1994, 108 Stat. 4947, added item 1368.
1990—Pub. L. 101–650, title III, §310(b), Dec. 1, 1990, 104
Stat. 5114, added item 1367.
1988—Pub. L. 100–702, title X, §1020(a)(7), Nov. 19, 1988,
102 Stat. 4672, substituted "Actions" for "Action" in
item 1330, inserted a period after "question" in item
1331, substituted "plant variety protection, copyrights,
mask works, trade-marks" for "copyrights, and trade-
marks" in item 1338, and inserted "and elective fran-
chise" in item 1343.
1986—Pub. L. 99–336, §6(a)(1)(A), June 19, 1986, 100
Stat. 638, renumbered item 1364 "Senate actions" and
item 1364 "Construction of references to laws of the
United States or Acts of Congress" as items 1365 and
1366, respectively.
1984—Pub. L. 98–353, title I, §101(b), July 10, 1984, 98
Stat. 333, substituted "cases" for "matters" in item
1334.
1980—Pub. L. 96–486, §2(b), Dec. 1, 1980, 94 Stat. 2369,
struck out "; amount in controversy; costs." after
"question" in item 1331.
1978—Pub. L. 95–598, title II, §238(b), Nov. 6, 1978, 92
Stat. 2668, directed the substitution of "Bankruptcy ap-
peals" for "Bankruptcy matters and proceedings" in
item 1334, which amendment did not become effective
pursuant to section 402(b) of Pub. L. 95–598, as amended,
set out as an Effective Date note preceding section 101
of Title 11, Bankruptcy.
Pub. L. 95–572, §6(b)(2), Nov. 2, 1978, 92 Stat. 2457,
added item 1363 and redesignated former item 1363

"Construction of references to laws of the United
States or Acts of Congress", as 1364.
Pub. L. 95–521, title VII, §705(f)(2), Oct. 26, 1978, 92
Stat. 1880, added item 1364 "Senate actions".
Pub. L. 95–486, §9(c), Oct. 20, 1978, 92 Stat. 1634, sub-
stituted "Commerce and antitrust regulations; amount
in controversy, costs" for "Commerce and antitrust
regulations" in item 1337.
Pub. L. 95–393, §5(7b), 8(a)(2), Sept. 30, 1976, 92 Stat.
810, substituted "Consuls, vice consuls, and members of
a diplomatic mission as defendant" for "Consuls and
vice consuls as defendants" in item 1351 and added item
1364 "Direct actions against insurers of members of dip-
lomatic missions and their families".
1976—Pub. L. 94–583, §2(b), Oct. 21, 1976, 90 Stat. 2891,
added item 1330.
1970—Pub. L. 91–358, title I, §172(c)(2), July 29, 1970, 84
Stat. 591, added item 1363.
1966—Pub. L. 89–635, §2, Oct. 10, 1966, 80 Stat. 880,
added item 1362.
1962—Pub. L. 87–748, §1(b), Oct. 5, 1962, 76 Stat. 744,
added item 1361.
1958—Pub. L. 85–554, §4, July 25, 1958, 72 Stat. 415, in-
serted "costs" in items 1331 and 1332.
1953—Act Aug. 15, 1953, ch. 505, §3, 67 Stat. 589, added
item 1360.

## § 1330. Actions against foreign states

(a) The district courts shall have original ju-
risdiction without regard to amount in con-
troversy of any nonjury civil action against a
foreign state as defined in section 1603(a) of this
title as to any claim for relief in personam with
respect to which the foreign state is not entitled
to immunity either under sections 1605–1607 of
this title or under any applicable international
agreement.

(b) Personal jurisdiction over a foreign state
shall exist as to every claim for relief over
which the district courts have jurisdiction under
subsection (a) where service has been made
under section 1608 of this title.

(c) For purposes of subsection (b), an appear-
ance by a foreign state does not confer personal
jurisdiction with respect to any claim for relief
not arising out of any transaction or occurrence
enumerated in sections 1605–1607 of this title.

(Added Pub. L. 94–583, §2(a), Oct. 21, 1976, 90 Stat.
2891.)

EFFECTIVE DATE

Section effective 90 days after Oct. 21, 1976, see sec-
tion 8 of Pub. L. 94–583, set out as a note under section
1602 of this title.

## § 1331. Federal question

The district courts shall have original juris-
diction of all civil actions arising under the Con-
stitution, laws, or treaties of the United States.

(June 25, 1948, ch. 646, 62 Stat. 930; Pub. L. 85–554,
§1, July 25, 1958, 72 Stat. 415; Pub. L. 94–574, §2,
Oct. 21, 1976, 90 Stat. 2721; Pub. L. 96–486, §2(a),
Dec. 1, 1980, 94 Stat. 2369.)

HISTORICAL AND REVISION NOTES

Based on title 28, U.S.C., 1940 ed., §41(1) (Mar. 3, 1911,
ch. 231, §24, par. 1, 36 Stat. 1091; May 14, 1934, ch. 283, §1,
48 Stat. 775; Aug. 21, 1937, ch. 726, §1, 50 Stat. 738; Apr.
20, 1940, ch. 117, 54 Stat. 143).

Jurisdiction of federal questions arising under other
sections of this chapter is not dependent upon the
amount in controversy. (See annotations under former
section 41 of title 28, U.S.C.A., and 35 C.J.S., p. 833 et
seq., §§30–43. See also, reviser's note under section 1332
of this title.)

Case 2:14-cv-06479-SJB-AJW   Document 1   Filed 08/18/14   Page 31 of 50   Page ID #: 31

Seriously... **$25** gives FREE legal information to 500 people for a year.

remind me later | no, thanks

Give Now!

Want to learn more before you donate?

seen this more than once? click here for help

PREV | NEXT

U.S. CODE TOOLBOX
Law about... Articles from Wex
Download the PDF (1 pgs)
Title 28 USC, RSS Feed
Table of Popular Names
Parallel Table of Authorities

## 28 U.S. Code § 1343 - Civil rights and elective franchise

Current through Pub. L. 113–108. (See Public Laws for the current Congress.)

US Code     Notes     Updates

(a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

(b) For purposes of this section—

(1) the District of Columbia shall be considered to be a State; and

(2) any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

*LII has no control over and does not endorse any external Internet site that contains links to or references LII.*

A JOINT RESEARCH PROJECT OF
THE AUSTRALIAN NATIONAL UNIVERSITY AND
CORNELL UNIVERSITY LEGAL INFORMATION INSTITUTE


More information about this research

WOULD YOU LIKE TO BE PART OF CITIZEN SCIENCE?

We are researching what makes a legal rule hard or easy to read or use. With your help, we hope to create a database of legal rules classified by difficulty and other characteristics. We also hope to better understand how usable legal rules may be for different parts of the community. Participation is voluntary and takes less than a few minutes. You can opt out at any point. You can rate one rule or as many as you like. Results of our research will be made publicly available through this site and the ANU in the coming months.

The test below is known as a "cloze test". The number of missing words a reader can guess is a measure of how difficult the text is. Please try to guess and insert the missing word in each of the spaces below. Then press submit. Participation is voluntary.

Donations cover only 20% of our costs


Bisnode
Kennen Sie Ihre Kunden?
B2B-COMPLIANCE-PRÜFUNG FÜR PROFIS. WELTWEIT.
MEHR INFOS

STAY INVOLVED

LII Announce Blog
LII Supreme Court Bulletin

MAKE A DONATION
CONTRIBUTE CONTENT
BECOME A SPONSOR
GIVE FEEDBACK

Have You Written a Book?
authorhouse.co.uk
Talk to a Publishing Advisor on How to Get
Published. Get a Free Guide!
Assistance Juridique
generali.ch
Litige juridique? Faites appel à un expert
du dialogue avec la justice!
French Law Question?
law.justanswer.com
Ask Verified Experts Online Now.
Questions Answered Every 9 Seconds.
Rechtsanwalt Trennung
projure.ch/Trennung
Direkte Beratung vom Rechtsanwalt.
Auskunft bei Trennung & Unterhalt.

31

Seriously... **$25** gives FREE legal information to 500 people for a year.

remind me later | no, thanks

Give Now!

Want to learn more before you donate?

seen this more than once? click here for help

Master of Law 365 Tage erreichbar Mo-So 9-22 Uhr durchgehend

**ABOUT LII**    **CONTACT US**    **ADVERTISE HERE**    **HELP**    **TERMS OF USE**    **PRIVACY**    [ LII ]

Words "wherein the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs," were added to conform to rulings of the Supreme Court. See construction of provision relating to jurisdictional amount requirement in cases involving a Federal question in *United States v. Sayward*, 18 S.Ct. 371, 160 U.S. 493, 40 L.Ed. 508; *Fishback v. Western Union Tel. Co.*, 16 S.Ct. 506, 161 U.S. 96, 40 L.Ed. 630; and *Hall v. Indiana Manufacturing Co.*, 1900, 20 S.Ct. 272, 176 U.S. 68, 44 L.Ed. 374.

Words "all civil actions" were substituted for "all suits of a civil nature, at common law or in equity" to conform with Rule 2 of the Federal Rules of Civil Procedure.

Words "or treaties" were substituted for "or treaties made, or which shall be made under their authority," for purposes of brevity.

The remaining provisions of section 41(1) of title 28, U.S.C., 1940 ed., are incorporated in sections 1332, 1341, 1342, 1345, 1354, and 1359 of this title.

Changes were made in arrangement and phraseology.

## AMENDMENTS

1980—Pub. L. 96–486 struck out "; amount in controversy; costs" in section catchline, struck out minimum amount in controversy requirement of $10,000 for original jurisdiction in federal question cases which necessitated striking the exception to such required minimum amount that authorized original jurisdiction in actions brought against the United States, any agency thereof, or any officer or employee thereof in an official capacity, struck out provision authorizing the district court except where express provision therefore was made in a federal statute to deny costs to a plaintiff and in fact impose such costs upon such plaintiff where plaintiff was adjudged to be entitled to recover less than the required amount in controversy, computed without regard to set-off or counterclaim and exclusive of interests and costs, and struck out existing subsection designations.

1976—Subsec. (a). Pub. L. 94–574 struck out $10,000 jurisdictional amount where action is brought against the United States, any agency thereof, or any officer or employee thereof in his official capacity.

1958—Pub. L. 85–554 included costs in section catchline, designated existing provisions as subsec. (a), substituted "$10,000" for "$3,000", and added subsec. (b).

## EFFECTIVE DATE OF 1980 AMENDMENT; APPLICABILITY

Section 4 of Pub. L. 96–486 provided: "This Act [amending this section and section 2072 of Title 15, Commerce and Trade, and enacting provisions set out as a note under section 1 of this title] shall apply to any civil action pending on the date of enactment of this Act [Dec. 1, 1980]."

## EFFECTIVE DATE OF 1958 AMENDMENT

Section 3 of Pub. L. 85–554 provided that: "This Act [amending this section and sections 1332 and 1345 of this title] shall apply only in the case of actions commenced after the date of the enactment of this Act [July 25, 1958]."

## § 1332. Diversity of citizenship; amount in controversy; costs

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

(b) Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

(c) For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—

(A) every State and foreign state of which the insured is a citizen;

(B) every State and foreign state by which the insurer has been incorporated; and

(C) the State or foreign state where the insurer has its principal place of business; and

(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

(d)(1) In this subsection—

(A) the term "class" means all of the class members in a class action;

(B) the term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action;

(C) the term "class certification order" means an order issued by a court approving the treatment of some or all aspects of a civil action as a class action; and

(D) the term "class members" means the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action.

(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—

(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

(B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a for-

# A GUIDE TO CIVIL RIGHTS LIABILITY UNDER 42 U.S.C. § 1983:
## AN OVERVIEW OF SUPREME COURT AND ELEVENTH CIRCUIT PRECEDENT

IAN D. FORSYTHE
Hilyard, Bogan, Palmer & Lockeby, P.A.
105 East Robinson Street, Suite 201
        Orlando, Florida 32801
Tel. (407) 425-4251

                          forsythe@forsythelaw.com

34

Case 2:14-cv-06479-PSG-AJW   Document 1   Filed 08/18/14   Page 35 of 50   Page ID #:35

## I.    INTRODUCTION AND HISTORY

42 U.S.C. § 1983, commonly referred to as "section 1983" provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (emphasis added).

Section 1983 was enacted on April 20, 1871 as part of the Civil Rights Act of 1871, and is also known as the "Ku Klux Klan Act" because one of its primary purposes was to provide a civil remedy against the abuses that were being committed in the southern states, especially by the Ku Klux Klan. While the existing law protected all citizens in theory, its protection in practice was unavailable to some because those persons charged with the enforcement of the laws were unable or unwilling to do so.[1] The Act was intended to provide a private remedy for such violations of federal law, and has subsequently been interpreted to create a species of tort liability.[2]

The number of cases that have been brought under section 1983 has dramatically increased since 1961 when the Supreme Court decided Monroe v. Pape.[3] In Monroe, the Supreme Court held that a police officer was acting "under color of state law" even though his actions *violated* state law.[4] This was the first case in which the Supreme Court allowed liability to attach where a government official acted outside the scope of the authority granted to him by state law. Since Monroe v. Pape was decided, an extensive body of law has developed to govern section 1983 claims. This article is intended to provide an *overview* of that extensive body of law, and will include seminal precedent from the United States Supreme Court and the Eleventh Circuit Court of Appeals--a comprehensive study of all law related to section 1983 is beyond the scope of this article.

## II.    ELEMENTS OF A SECTION 1983 CLAIM

### (i)    "Every person . . ."

Only "persons" under the statute are subject to liability.[5] A state is not a person subject to suit under section 1983,[6] but a state officer can be sued in his official capacity for prospective or injunctive relief[7] despite the fact that an suit against a government official in his official capacity

35

represents nothing more than a suit against the government entity itself.[8]   Despite this logical inconsistency, the current state of the law is that a state may not be sued for damages, but may be sued for declaratory or injunctive relief.  Municipalities and local governments are persons subject to suit for damages *and* prospective relief,[9] but the United States Government is not.[10]   Individual employees of federal,[11] state[12] and local[13] government may be sued in their individual capacities[14] for damages, declaratory or injunctive relief.

While the determination of who is a "person" is a matter of federal statutory interpretation, the matter of who has the capacity to be sued is determined by the law of the forum state.[15]   Likewise, the law of the forum is to be applied in actions under section 1983 where the law of section 1983 provides no guidance.[16]

### (ii)        ". . . who under color of [state law][17] . . ."

The traditional definition of acting under the color of state law requires that the defendant have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law,"[18] and such actions may result in liability even if the defendant abuses the position given to him by the state.[19]   A private actor may also act under color of state law under certain circumstances.[20]   For example, it has been held that a physician who contracts with the state to provide medical care to inmates acts under the color of state law.[21]   For all practical purposes, the "color of state law" requirement is identical to the "state action" prerequisite to constitutional liability.[22]

### (iii)        ". . . subjects or causes to be subjected . . ."

Section 1983 does not impose a state of mind requirement independent of the underlying basis for liability,[23] but there must be a causal connection between the defendant's actions and the harm that results.[24]   In order to hold a local government liable under section 1983, the Supreme Court has interpreted this causation element to require that the harm be the result of action on the part of the government entity that implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, or the result of the entity's custom.[25]   Further, the entity's policy or custom must have been the "moving force" behind the alleged deprivation.[26]   This "custom or policy" requirement is a dramatic departure from the rule of respondeat superior that prevails in many common law actions.[27]

A local government is said to have an unconstitutional policy when it fails to train its employees, and the failure to train amounts to deliberate indifference to an obvious need for such training, and the failure train will likely result in the employee making a wrong decision.[28]   An unconstitutional policy may also exist if an isolated action of a government employee is dictated by a

36

"final policymaker,"[29] or if the authorized policymaker approves a subordinate's decision and the basis for it.[30] However, a supervisor can only be liable in his individual capacity if he directly participates in causing the harm--relying upon respondeat superior is insufficient.[31] The Supreme Court has rejected the notion that a plaintiff must meet a heightened pleading standard to state a claim against a municipality for an unconstitutional custom or policy.[32]

### (iv) ". . . [any person to] the deprivation of rights . . ."

Section 1983 is *not* itself a source of substantive rights, it merely provides a method for the vindication of rights elsewhere conferred in the United States Constitution and Laws.[33] Therefore, a plaintiff may prevail only if he can demonstrate that he was deprived of rights secured by the United States Constitution or federal statutes. It is beyond the scope of this article to discuss all of the rights available under the United States Constitution, nevertheless, this article will provide an overview of perhaps the most utilized of all constitutional provisions--the Fourteenth Amendment Due Process Clause [hereinafter "the Due Process Clause"].[34]

The Supreme Court has held that the Due Process Clause was not intended to supplant tort law, or to become "a font of tort law to be superimposed upon whatever systems may already be administered by the states."[35] Against this backdrop, to state a claim for a deprivation of Due Process, a plaintiff must show: (1) that he possessed a constitutionally protected property interest; and (2) that he was deprived of that interest without due process of law.[36] Due process property interests are created by "existing rules or understandings that stem from an independent source such as state law--rules or understanding that secure certain benefits and that support claims of entitlement to those benefits."[37] To have a property interest protected by the Due Process Clause, "a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it."[38] While the existence of a protected property interest is decided by reference to state law, the determination of whether due process was accorded is decided by reference to the Constitution.[39] Due process requires that "a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case,'"[40] but the state does not have to provide the same remedies available under section 1983 in order to satisfy due process.[41]

In construing the Due Process Clause, the United States Supreme Court has held that negligent acts by state actors do not effect a "deprivation" for the purposes of the Due Process Clause,[42] and the random and unauthorized conduct of a government actor, even if intentional, does not implicate the Due Process Clause if the state provides a meaningful post-deprivation remedy, such as, for example, a tort remedy in its own courts.[43] However, where the state can feasibly provide a

pre-deprivation hearing, it must do so regardless of the post-deprivation remedies available,[44] and in the absence of a special relationship created or assumed by the state, a state's failure to protect an individual from violence or injury caused by private actors cannot state a violation of the Due Process Clause.[45]

In addition to protection against deprivations of *procedural* due process, the Due Process Clause has two *substantive* components--the substantive due process simpliciter, and incorporated substantive due process.  In order to state a claim for a violation of the substantive due process simpliciter, the plaintiff must demonstrate that the defendant engaged in conduct that was "arbitrary, or conscience shocking, in a constitutional sense."[46]   This form of due process has very limited application,[47] but, in contrast to certain procedural due process claims,[48] the existence of adequate post-deprivation remedies does not bar a substantive due process claim.[49]   With respect to incorporated substantive due process, the plaintiff may state a claim by proving a violation of one of the Bill of Rights.  The Supreme Court has held that one of the substantive elements of the Due Process Clause protects those rights that are fundamental--rights that are implicit in the concept of ordered liberty, and has, over time, held that virtually all of the Bill of Rights protect such fundamental rights and has likewise held that they apply to the states through the "liberty" interest of the Due Process Clause.[50]   However, the Court has held that when a specific provision within the Bill of Rights already provides protection, the more generalized notion of due process should not be used to define constitutional rights.[51]

In addition to providing a remedy for deprivations of constitutional rights, section 1983 also makes actionable violations of federal "Laws."[52]   A violation of a federal statute is cognizable only when the violation trammels a right secured by federal law.[53]   However, a statute is said to create a federal right only when "the provision in question is intended to benefit the putative plaintiff,"[54] unless it reflects merely a congressional preference for a certain kind of conduct rather than a binding obligation on the government unit,[55] or unless the putative plaintiff's interest is too vague and amorphous such that it is beyond the competence of the judiciary to enforce.[56]

    (v) " . . . shall be liable . . . in an action at law, Suit in equity, or other proper proceeding
            for redress . . . "

There is no requirement that the plaintiff sue in federal court because state courts have concurrent jurisdiction,[57] and the usual rule is exhaustion of administrative and judicial state remedies is not a prerequisite to a section 1983 action.[58]   Also, the existence of concurrent state remedies is not a bar to a section 1983 action.[59]   With respect to the extent of damages available, the Supreme Court has noted that the basic purpose of a section 1983 damages award is to compensate

38

Case 2:14-cv-06479-PSG-AJW   Document 1   Filed 08/18/14   Page 39 of 50   Page ID #:39

the victims of official misconduct, and therefore held that there is no limit on actual damages if they can be proven.[60]   But where they are not proved, only nominal damages of $1.00 may be awarded.[61]   Punitive damages may also be awarded, but not against a municipality.[62]   Injunctive relief is also permitted.[63]

## III.   DEFENSES AND IMMUNITIES

States and state agencies are entitled to Eleventh Amendment immunity in federal court,[64] but local governments have no immunity from damages flowing from their constitutional violations, and may not assert the good faith of its agents as a defense to liability.[65]   Further, state law sovereign immunity and state law limitations on damages do not protect local governments from liability under section 1983,[66] and state laws requiring pre-suit notification prior to initiating an action against the state or its subdivisions similarly do not apply.[67]   Therefore, local governments are left in the unique and unhappy situation of being subject to suit without the benefit of any form of immunity.

In contrast to the distinct lack of immunity available to local governments, individual capacity defendants are protected by qualified immunity.[68]   Qualified immunity is a powerful tool that shields individual officials who are performing discretionary activities unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."[69]   A government official is entitled to qualified immunity unless his "act is so obviously wrong, in the light of preexisting law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing."[70]   The qualified immunity inquiry is purely objective--the subjective intentions of the actor is irrelevant.[71]   Qualified immunity is not only immunity from liability, but it is immunity from suit as well,[72] and shields individual capacity defendants even where a constitutional violation may have occurred.  Likewise, a court should scrutinize a plaintiff's claim to determine if the plaintiff states a constitutional claim at all, prior to analyzing whether the defendant is entitled to qualified immunity.[73]   The burden of proving that the law was clearly established cannot be carried by stating constitutional rights in general terms--a plaintiff within the eleventh circuit must cite to specific decisions of the United States Supreme Court, the Eleventh Court of Appeals, or the highest state court in which the case arose.[74]

Qualified immunity must be plead as an affirmative defense by the defendant official,[75] and becomes a matter for the court to decide, even if it requires a factual determination as to whether the defendant acted reasonably under the circumstances,[76] and the court should rule on the issue of qualified immunity at the earliest possible stage of litigation.[77]   An individual defendant in federal court[78] may immediately appeal a denial of qualified immunity,[79] even if a prior appeal of the

39

denial of qualified immunity was unsuccessful, and even if other claims remain for trial.[80]  Until the issue of qualified immunity is decided, the defendant official may resist discovery,[81] and there is authority to the effect that he may stay the entire proceedings during an appeal of the denial of qualified immunity.[82]  While the Supreme Court has rejected a heightened pleading standard for claims against local governments, a plaintiff must nevertheless plead facts with specificity to overcome an individual capacity defendant's qualified immunity.[83]

Private individuals who perform state functions,[84] and private corporations who contract with the government[85] may not be entitled to qualified immunity.  State and local legislators[86] and judges[87] are protected by *absolute* immunity when sued in their individual capacity for damages or injunctive relief, while prosecutors[88] are entitled to absolute immunity when sued in their individual capacities for damages only.  In any event, as discussed above, all individual capacity defendants are, at a minimum, entitled to qualified immunity.

The Reconstruction Civil Rights Acts did not contain a statute of limitations for section 1983 actions, and it is appropriate to adopt a local time limitation so long as it is not inconsistent with federal law.[89]  The Supreme Court has held that section 1983 is best characterized as a tort action for the recovery of damages, and therefore held that the appropriate statute of limitations to be adopted is the state statute applicable to personal injury actions.[90]

## IV.        ATTORNEY'S FEES

The Civil Rights Attorney's Fees Awards Act of 1976[91] provides that one who prevails[92] in a section 1983 action is entitled to recover attorneys' fees.  There is little doubt that the addition of this attorney's fee provision fueled the growth in the number of section 1983 cases that have been filed because it has been held that prevailing plaintiffs are entitled to recover attorneys' fees unless special circumstances would render such an award unjust, while a prevailing defendant may be awarded attorneys' fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."  The different standards derive from 42 U.S.C. § 1988's generally pro-plaintiff and pro-civil rights orientation and protects the defendant only from groundless litigation.

[1]. The catalyst for the enactment of the Act was the "campaign of violence and deception in the South, fomented by the Ku Klux Klan, which was denying citizens their civil and political rights."  Wilson v. Garcia, 471 U.S. 261, 276 (1985).  The following quote from Representative Lowe of the 42nd Congress is illustrative:

While murder is stalking abroad in disguise, while whippings and lynchings and

> banishing have been visited upon unoffending American citizens, the local administrators have been found inadequate or unwilling to apply the proper corrective. Combinations, darker than the night that hides them, conspiracies, wicked as the worst of felons could devise, have gone unwhipped of justice. Immunity is given to crime and the records of public tribunals are searched in vain for any evidence of effective redress.

Cong. Globe, 42d Cong. 1st Sess., 374 (1871)(remarks of Rep. Lowe)(quoted in Wilson, 471 U.S. at 276)).

[2]. Memphis Community School Dist. v. Stachura, 477 U.S. 299, 305 (1986).

[3]. 365 U.S. 167 (1961).

[4]. See section II(ii), infra, for a discussion of the "under color of state law" requirement.

[5]. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989).

[6]. Id.

[7]. Ex Parte Young, 209 U.S. 123 (1908).

[8]. Hafer v. Melo, 502 U.S. 25, 31 (1991); Kentucky v. Graham, 473 U.S. 159, 165 (1985).

[9]. Monell v. Dept. of Social Services of New York, 436 U.S. 658, 701 (1978).

[10]. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[11]. Id.

[12]. Hafer v. Melo, 502 U.S. 25 (1991).

[13]. City of Oklahoma City v. Tuttle, 471 U.S. 808 (1985).

[14]. Government officials may be sued in their *individual* capacity. Such a suit does not represent a suit against the government entity for which he is associated. Kentucky v. Graham, 473 U.S. 159, 165 (1985). The failure to identify in which capacity a defendant is being sued is a critical pleading defect. Colvin v. McDougall, 62 F.3d 1316, 1318 (11th Cir. 1995).

[15]. Dean v. Barber, 951 F.2d 210 (11th Cir. 1992); Fed.R.Civ.P. 17(b). For example, Florida law provides that divisions of local governments, such as police departments, do not have the capacity to be sued. Florida City Police Department v. Corcoran, 661 So. 2d 409 (Fla. 3d DCA 1995).

[16]. Board of Regents v. Tomanio, 446 U.S. 478 (1980).

[17]. Section 1983's requirement that a person act "under color of any statute, ordinance, regulation, custom or usage of any State or Territory or District of Columbia" is commonly abbreviated as "under color of state law."

[18]. West v. Atkins, 487 U.S. 42, 49 (1988)(quoting United States v. Classic, 313 U.S. 299, 326 (1941)); Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Parratt v. Taylor, 451 U.S. 144, 152 (1970). However, in the only case in which the Supreme Court held that a government employee did

not act under color of sate law, the Court held that a public defender does not act under color of state law while performing a lawyer's traditional function of representing criminal defendants. Polk County v. Dodson, 454 U.S. 312, 325 (1981).

[19]. Monroe v. Pape, 365 U.S. 167, 172 (1961).

[20]. Wyatt v. Cole, 504 U.S. 158, 162 (1992); Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982).

[21]. West v. Atkins, 487 U.S. 42 (1988); Ort v. Pinchback, 786 F.2d 1105 (11th Cir. 1986).

[22]. Lugar v. Edmondson Oil Co., 457 U.S. 922, 929 (1982).

[23]. Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part, Daniels v. Williams, 474 U.S. 327 (1986).

[24]. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 285-87 (1977).

[25]. Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-691, (1978). This "custom or policy" requirement has also been applied to private corporations who contract with the state to provide medical care to prisoners. Howell v. Evans, 922 F.2d 712, 723-24 (11th Cir.), order vacating appeal, 931 F.2d 711, 712 (11th Cir. 1991), partially reinstated and appealed sub nom, Howell v. Burden, 12 F.3d 190 (11th Cir. 1994).

[26]. Monell, 436 U.S. at 694.

[27]. Monell, at 691-695; Polk County v. Dodson, 454 U.S. 312, 325 (1981); Fundiller v. City of Cooper City, 777 F.2d 1436, 1443 (11th Cir. 1985). Isolated unconstitutional incidents, without more, cannot bind a municipality. Oklahoma City v. Tuttle, 471 U.S. 808 (1985).

[28]. City of Canton v. Harris, 489 U.S. 378 (1989); Gold v. City of Miami, 1998 WL 54803 (11th Cir. 1998); Sewell v. Town of Lake Hamilton, 117 F.3d 488 (11th. Cir. 1997). However, where the employee's proper course of action "is obvious to all without training or supervision, then the failure to train or supervise is generally not 'so likely' to produce a wrong decision as to support an inference of deliberate indifference by city policymakers to the need to train or supervise." Sewell, 117 F.3d at 490.

[29]. Pembaur v. City of Cincinnati, 475 U.S. 469 (1986); Bryan County v. Brown, 520 U.S. 397 (1997). Who is a "final policymaker" is decided by reference to state law. Pembaur, at 483; McMillan v. Monroe County, 520 U.S. 781 (1997).

[30]. City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988). However, merely going along with the discretionary decisions made by subordinates is not a delegation to them of the authority to make policy. Id.

[31]. Greason v. Kemp, 891 F.2d 829, 836 (11th Cir. 1990); Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Zatler v. Wainewright, 802 F.2d 397, 401 (11th Cir. 1986).

[32]. Leatherman v. Tarrant County, 507 U.S. 163 (1993). There is, however, a heightened pleading standard for individual capacity claims. See note 83 infra, and accompanying text.

42

[33]. Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 617 (1979); Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). Section 1983 does not provide for the vindication of rights secured by state law. Id. at 145-146; Almand v. DeKalb County, 103 F.3d 1510, 1513 (11th Cir. 1997).

[34]. U.S.CONST. amend. XIV, §1. The Fourteenth Amendment Due Process clause is a limitation on state power, while the Fifth Amendment Due Process clause limits federal power. Halinger v. Davis, 146 U.S. 314, 319 (1892).

[35]. Paul v. Davis, 424 U.S. 693, 701 (1976).

[36]. Cleveland Board of Education v. Loudermill, 470 U.S. 532 (1985); Baker v. McCollan, 443 U.S. 137, 145 (1979).

[37]. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972); See also, Bishop v. Wood, 426 U.S. 341, 344 (1976).

[38]. Board of Regents, 408 U.S. at 576.

[39]. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 541 (1985).

[40]. Loudermill, 470 U.S. at 542.

[41]. Parratt v. Taylor, 451 U.S. 527, 543-544 (1981).

[42]. Daniels v. Williams, 474 U.S. 327 (1986).

[43]. Hudson v. Palmer, 468 U.S. 517, 533 (1984)("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the due process clause of the 14th amendment if a meaningful postdeprivation remedy for the loss is available. For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy."). The Court later held that negligence does not constitute a "deprivation." Daniels v. Williams, 474 U.S. 327 (1986). See also, Zinermon v. Burch, 494 U.S. 113, 132 (1990).

[44]. Zinermon, 494 U.S. at 132.

[45]. DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989); Santamorena v. Georgia Military College, 147 F.3d 1337, 1339-1340 (11th Cir. 1998). As with all actions predicated upon a violation of the United States Constitution, in order to state a claim for a deprivation of due process, "state action" must be present. The eleventh circuit has recognized three primary tests to determine whether the actions of a private entity constitute state action: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. National Broad Co. v. Communications Workers of Am., 860 F.2d 1022, 1026 (11th Cir. 1988).

[46]. Collins v. City of Harker Heights, Texas, 503 U.S. 115, 128 (1992); Rymer v. Douglas County, 764 F.2d 796, 801 (11th Cir. 1985).

[47]. Collins, 503 U.S. at 125("As a general matter, the Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended."). See also, County of Sacramento v. Lewis, 523 U.S. 833 (1998)(high speed police chases with no intent to harm suspects physically or to worsen their legal

plight do not give rise to liability for violation of substantive due process); Albright v. Oliver, 510 U.S. 266, 271-272 (plaintiff could not make out substantive due process claim for alleged prosecution without probable cause because Fourth Amendment is more appropriately considered); Graham v. Connor, 490 U.S. 386, 394 (1989)(claims of force arrest by police officer during arrest or detention cannot state a substantive due process claim--it is more appropriately analyzed under Fourth Amendment); McKinney v. Pate, 20 F.3d 1550, 1560 (11th Cir. 1994)(in non-legislative cases, only procedural due process claims are available to pretextually terminated employees).

[48]. See note 46, supra, and accompanying text.

[49]. McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994).

[50]. Palko v. Connecticut, 302 U.S. 319, 325 (1937).  For example, the Supreme Court has held that the Fourth Amendment proscription against unreasonable searches and seizures, Mapp v. Ohio, 367 U.S. 643 (1961), and the Sixth Amendment right to a speedy public trial, Klopfer v. North Carolina, 386 U.S. 213 (1967), apply to the states.

[51]. Albright v. Oliver, 510 U.S. 266, 273 (1994); Graham v. Connor, 490 U.S. 386, 395 (1989).

[52]. Maine v. Thiboutot, 448 U.S. 1 (1980).

[53]. Golden State Transit Corp. v. City of Los Angeles, 493 U.S. 101, 106 (1989) ("Section 1983 speaks in terms of 'rights, privileges, or immunities,' not violations of federal law.").

[54]. Id.

[55]. Pennhurst State School and Hospital v Halderman, 451 U.S. 1, 19 (1981).

[56]. Golden State, 493 U.S. at 106 (quoting Wright v. Roanoke Redevelopment & Hous. Auth., 479 U.S. 418, 431-32 (1987)).  See also, Maynard v. Williams, 72 F.3d 848, 851 (11th Cir. 1996).

[57]. Howlett v. Rose, 496 U.S. 356 (1990).  Of course, a defendant in state court may remove to federal court.  28 U.S.C. § 1441.

[58]. Monroe v. Pape, 365 U.S. 167, 183 (1961)(exhaustion of judicial remedies is not a prerequisite); Patsy v. Florida Board of Regents, 457 U.S. 496, 501 (1982)(exhaustion of administrative remedies is not a prerequisite).  But see, Younger v. Harris, 401 U.S. 37 (1971)(a federal plaintiff is barred from seeking declaratory or injunctive relief relating to ongoing state criminal judicial proceedings); Heck v. Humphrey, 512 U.S. 477 (1994)(plaintiff must prove that a conviction or sentence has been reversed prior to recovering damages for unconstitutional conviction or imprisonment); 42 U.S.C. § 1997e (a prisoner's civil rights lawsuit may be delayed up to 180 days to require the prisoner to exhaust administrative remedies).

[59]. Zinermon v. Burch, 494 U.S. 113, 124 (1990).

[60]. Carey v. Piphus, 435 U.S. 247 (1978).

[61]. Farrar v. Hobby, 506 U.S. 103, 112 (1992); Carey v. Piphus, 435 U.S. 247, 266-267 (1978).

[62]. Smith v. Wade, 461 U.S. 30 (1983); City of Newport v. Fact Concerts, 453 U.S. 247 (1981).  A municipality may, however, be jointly and severally liable.  Finch v. City of Vernon, 877 F.2d 1497

(11th Cir. 1989).

[63]. 42 U.S.C. § 1983.

[64]. Edelman v. Jordan, 415 U.S. 651 (1974). But as discussed above, because states are not "persons" under the statute, they cannot be sued in either state or federal court. See note 6, supra, and accompanying text.

[65]. Owen v. City of Independence, MO, 445 U.S. 621 (1980); Monell v. Dept. of Social Services of New York, 436 U.S. 658, 699-700 (1978).

[66]. Howlett v. Rose, 496 U.S. 356 (1990); Hamm v. Powell, 874 F.2d 766, 770 (11th Cir. 1989).

[67]. Felder v. Casey, 487 U.S. 131 (1988).

[68]. Harlow v. Fitzgerald, 457 U.S. 800 (1982). See also, Anderson v. Creighton, 483 U.S. 635 (1987); Lassiter v. Alabama A & M University Board of Trustees, 28 F.3d 1146 (11th Cir. 1994)(en banc).

[69]. Harlow, 457 U.S. at 817; Lassiter, 28 F.3d at 1149.

[70]. Lassiter, 28 F.3d at 1149; Ensley v. Soper, 142 F.3d 1402, 1406 (11th Cir. 1998)(the plaintiff must point to case law which predates the official's alleged improper conduct, involves materially similar facts, and truly compels the conclusion that the plaintiff had a right under federal law).

[71]. Crawford-El v. Britton, 523 U.S. 574 (1998); Anderson v. Creighton, 483 U.S. 635, 641 (1987); Harlow v Fitzgerald, 457 U.S. 800 (1982).

[72]. "One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit." Siegert v. Gilley, 500 U.S. 226, 232 (1991). See also, Ansley v. Heinrich, 925 F.2d 1339, 1345 (11th Cir. 1991).

[73]. Siegert v. Gilley, 500 U.S. 226 (1991); GJR Investments Inc. v. Escambia County, 132 F.3d 1359, 1367 (11th Cir. 1998). Courts should not assume that the plaintiff states a constitutional claim simply to get to the qualified immunity issue. Siegert, 500 U.S. at 232.

[74]. Jenkins v. Talladega City Bd. of Educ., 115 F.3d 821, 826-27 n.4 (11th Cir. 1997)(en banc). "Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases." Id. at 827.

[75]. Harlow, 457 U.S. at 815.

[76]. Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Hunter v. Bryant, 502 U.S. 224, 228 (1991); Stone v. Peacock, 968 F.2d 1163, 1166 (11th Cir. 1992)(if there are disputed factual issues regarding qualified immunity that a jury should resolve, special interrogatories would be appropriate).

[77]. Hunter v. Bryant, 502 U.S. 224, 228 (1991). A defendant official may assert the qualified immunity defense in 12(b)(6) motion for failure to state a claim, as an affirmative defense in a 12(c) request for judgment on the pleadings, and on a Rule 56(e) summary judgment motion. Ansley v. Heinrich, 925 F.2d 1339, 1347 (11th Cir. 1991).

[78]. A defendant in state court does *not* necessarily have the right to an interlocutory appeal. Johnson v. Fankell, 520 U.S. 911 (1997). But see, Fla.R.App.P. 9.130(a)(3)(C)(viii).

[79]. Mitchell v. Forsyth, 472 U.S. 511, 525-26 (1985). However, a defendant may not appeal the denial of a summary judgment motion on the issue of qualified immunity if the denial was based solely upon the existence of disputed factual issues, as opposed to a finding that the law was not clearly established, or that the defendant did not act objectively reasonably. Johnson v. Jones, 515 U.S. 304 (1995).

[80]. Johnson v. Fankell, 520 U.S. 911 (1997)("[I]f [qualified immunity] is found applicable at any stage of the proceedings, it determines the outcome of the litigation by shielding the official from damages liability); Behrens v. Pelletier, 516 U.S. 299, 305-11 (1996). The other claims that remain for trial may consist of a claim against the official in his *official* capacity. Id.

[81]. Crawford-El v. Britton, 523 U.S. 574, 598 (1998)("If the defendant does plead the immunity defense, the district court should resolve that threshold question before permitting discovery"); Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before commencement of discovery.").

[82]. Summit Medical Associates, P.C. v. James, 1998 WL 125776 (M.D.Ala. 1998)(citing Goshtasby v. Board of Trustees of Univ. of Ill., 123 F.3d 427 (7th Cir. 1997))(relating to appeal of Eleventh Amendment immunity).

[83]. GJR Investments, Inc. v. Escambia County, 132 F.3d 1359, 1367 (11th Cir. 1998).

[84]. See, Richardson v. McKnight, 521 U.S. 399 (1997)(private prison guards are not entitled to qualified immunity); Wyatt v. Cole, 504 U.S. 158 (1992)(private individuals who invoked state replevin, garnishment, or attachment statutes were not entitled to qualified immunity). However, the Supreme Court did not "foreclose the possibility that private defendants . . . could be entitled to an affirmative defense based upon good faith and/or probable cause or that § 1983 suits against private, rather than governmental, parties could require plaintiffs to carry additional burdens." Wyatt, 504 U.S. at 169.

[85]. See, McDuffie v. Hooper, 982 F.Supp. 817 (M.D. Ala. 1997)(private corporate health care providers who contract with government agencies are not entitled to qualified immunity); Hartman v. Correctional Medical Services, Inc., 960 F.Supp 1577, 1582 (M.D. Fla. 1996); Smith v. United States, 850 F.Supp 984, 986 (M.D. Fla. 1994). But see, Blumel v. Mylander, 954 F.Supp 1547, 1560 (M.D. Fla. 1997).

[86]. Supreme Court of Virginia v. Consumers Union, 446 U.S. 719 (1980); Tenney v. Brandhove, 341 U.S. 367 (1951). However, individual legislative immunity does not apply where the decision is an application of policy to a specific party. In that instance, the act is said to be administrative as opposed to legislative. Crymes v. DeKalb County, 923 F.2d 1482, 1486 (11th Cir. 1991).

[87]. 42 U.S.C. § 1983 was amended in 1996 to provide judicial officers with immunity from injunctive relief. This amendment partially overruled Pulliam v. Allen, 466 U.S. 522 (1984), which provided that judges were immune from suits for damages, but not injunctive relief.

[88]. Prosecutors are entitled to immunity for activities that are "intimately associated with the judicial phase of the criminal process," but a prosecutor engaged in investigative or administrative activities is

only entitled to a good faith defense.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976).  <u>See also</u>, <u>Kalina v. Fletcher</u>, 522 U.S. 118 (1997).

[89].  <u>Board of Regents v. Tomanio</u>, 446 U.S. 478, 483 (1980).

[90].  <u>Wilson v. Garcia</u>, 471 U.S. 261 (1985).  But accrual of the statute of limitations is governed by federal law, while tolling of the statute of limitations is governed by state law.  <u>Mullinax v. McElhenney</u>, 817 F.2d 711, 716 n.2 (11th Cir. 1987).  <u>See also</u>, <u>Hardin v. Straub</u>, 490 U.S. 536 (1989); <u>Owens v. Okure</u>, 488 U.S. 235 (1989).

[91].  42 U.S.C. § 1988.

[92].  One who recovers nominal damages is not a prevailing party.  <u>Farrar v. Hobby</u>, 506 U.S. 103, 114 (1992).  The Court reasoned that the most critical factor in determining the reasonableness of a fee award is the degree of success obtained.  <u>Id.</u> at 114 (citing <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 436 (1983)).  Also, see <u>Marek v. Chesny</u>, 473 U.S. 1 (1985), for a discussion of the interplay between 42 U.S.C. § 1988 and the offer of judgment provision contained in Fed.R.Civ.P 68.

[93].  <u>Christiansburg Garment Co. v. E.E.O.C.</u>, 434 U.S. 412, 421 (1978).

# thefreedictionary.com

## Claim

*To demand or assert as a right. Facts that combine to give rise to a legally enforceable right or judicial action. Demand for relief.*

A claim is something that one party owes another. Someone may make a legal claim for money, or property, or for Social Security benefits.

A claim also means an interest in, as in a possessory claim, or right to possession, or a claim of title to land.

West's Encyclopedia of American Law, edition 2. Copyright 2008 The Gale Group, Inc. All rights reserved.

**claim** 1) v. to make a demand for money, for property, or for enforcement of a right provided by law. 2) n. the making of a demand (assert a claim) for money due, for property, for damages or for enforcement of a right. If such a demand is not honored, it may result in a lawsuit. In order to enforce a right against a government agency (ranging for damages from a negligent bus driver to a shortage in payroll) a claim must be filed first. If rejected or ignored by the government, it is lawsuit time.

Copyright © 1981-2005 by Gerald N. Hill and Kathleen T. Hill. All Right reserved.

**claim** (Assertion), *noun* affirmation, allegation, averment, avouchment, avowal, declaration, predication, presentation, proposition, statement
**Associated concepts:** claimed use, disputed claims, doubtful claims, false claim, fictitious claims, fraudulent claims
**Foreign phrases:** Debitorum pactionibus creditorum petiiio nec tolli nec minui potest. The rights of creditors to sue cannot be prejudiced or diminished by agreements beeween their debtors.

**claim** (Legal demand), *noun* accusation, adjuration, bill of complaint, cause of action, challenge, command, complaint, counterclaim, declaration, exaction, plea, postulate, postulatio, presentment, requirement, suit, ultimatum
**Associated concepts:** allowed claim, claim against bankrupt estate, claim against estate, claim and demand, claim arissng on contract, claim for alternative relief, claim for support, claim of a creditor, claim of interest, claim or defense notice of claim, claimed on appeal, claimed use, claims ex delicto, colorable claim, common law claim, compensation claim, conflicting claims, contingent claims, counter claim, court of claims, cross claim, disputed claims, doubtful claims, equitable claims, fictitious claims, fixed claims, fraudulent claims, frivolous claims, illegal claims, indeterrinate claims, individual claim, insurance claim, just claim, lawful claim, money claim, moral claims, particular nature of claims, prior claim, proof of claim, provable claim, seeured claim, settlement of claim, stale claim, subordination of claim, subsequent claims, undisputed claim, unliquiiated claims, unmatured claims
**Foreign phrases:** Rogationes, quaestiones, et positiones debent esse simplices. Demands, questions, and claims ought to be simple.

**claim** (Right), *noun* beneficial interest, contingent interrst, due, equitable interest, expectancy, heritage, interest, legacy, ownership, privilege, share, stake, title, vested interest
**Associated concepts:** claim of ownership, claim of right, claim of title

48

**claim** (Demand), *verb* ask for, assert as one's own, assert as one's right, declare one's right, dun, exact as due, have a right, insist upon, make demands on, petition, press, pretend, reclaim, request, require, requisition, seek as due, sue, think one deserves, vindicate a right, vindicate a title
**Associated concepts:** claim against an estate, claim and deeand, claim arising from a contract, claim for relief, claim of right, claim of title, compensation claim, contingent claim, counterclaim, court of claims, fraud claim, insurance claim, money claim, ownership claim, valid claim

**claim** (Maintain), *verb* advocate, affirm, allege, assert, asseverate, attest, aver, avouch, avow, certify, charge, declare, hold, insist, make a statement, make an assertion, predicate, profess, propound, put forward, say, stand firm, state, utter with conviction, vow, warrant
**Associated concepts:** claimed use

See also: adduce, allegation, allege, appeal, appropriate, argue, assert, attest, bear, bill, call, case, cause of action, certify, cloud, contend, count, cover, declaration, declare, demand, dominion, droit, due, dun, encumbrance, equity, exact, excise, impropriate, incumbrance, interest, lawsuit, lien, maintain, matter, motion, need, occupy, own, ownership, plea, pleading, posit, prayer, prerogative, prescription, pretend, pretense, pretext, profess, profession, purport, request, requirement, requisition, right, stake, statement, subject, sue, thesis, title

Burton's Legal Thesaurus, 4E. Copyright © 2007 by William C. Burton. Used with permission of The McGraw-Hill Companies, Inc.

CLAIM. A claim is a challenge of the ownership of a thing which a man has not in possession, and is wrongfully withheld by another. Plowd. 359; Wee i Dall.444; 12 S. & R. 179.

2. In Pennsylvania, the entry on of the demand of a mechanic or materialman for work done or material furnished in the erection of a building, in those counties to which the lien laws extend, is called a claim.

3. A continual c1aim is a claim made in a particular way, to preserve the' rights of a feoffee. See Continual claim.

4. Claim of conusance is defined to be an intervention by a third person, demanding jurisdiction of a cause against a plaintiff, who has chosen to commence his action out of the claimant's court. 2 Wils. 409; 1 Cit. Pb. 403; Vin. Ab. Conusance; Com. Dig. Courts, P; Bac. Ab. Courts, D 3; 3 Bl. Com. 298.

A Law Dictionary, Adapted to the Constitution and Laws of the United States. By John Bouvier. Published 1856.

Copyright © 2014 Farlex, Inc.**Source URL:** http://legal-dictionary.thefreedictionary.com/claim

49

Case 2:14-cv-06479-PSG-AJW Document 1 Filed 08/18/14 Page 50 of 50 Page ID #:50

# *Bivens v. Six Unknown Named Agents*

From Wikipedia, the free encyclopedia

***Bivens v. Six Unknown Named Agents***, 403 U.S. 388 (1971),[1] was a case in which the United States Supreme Court ruled that an implied cause of action existed for an individual whose Fourth Amendment freedom from unreasonable search and seizures had been violated by federal agents. The victim of such a deprivation could sue for the violation of the Amendment itself, despite the lack of any federal statute authorizing such a suit. The existence of a remedy for the violation was implied from the importance of the right violated.

*Bivens* has been subsequently interpreted to create a cause of action against the federal government similar to the one 42 U.S.C. § 1983 creates against the states.

## Contents

- 1 Background of the case
- 2 The Court's decision
  - 2.1 Harlan's concurrence
  - 2.2 Dissents of Burger, Black, and Blackmun
- 3 Subsequent case law
- 4 See also
- 5 References
- 6 External links

## Background of the case

Federal Bureau of Narcotics agents searched the house of the plaintiff, Webster Bivens, and arrested him without a warrant. Drug charges were filed but were later dismissed by a U.S. Commissioner (now called Magistrate Judge). Bivens filed a lawsuit alleging the violation of his Fourth Amendment freedom from unreasonable search and seizure. The government claimed that the violation allowed for

### *Bivens v. Six Unknown Named Agents*



**Supreme Court of the United States**

**Argued January 12, 1971**
**Decided June 21, 1971**

| | |
|---|---|
| **Full case name** | *Webster Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* |
| **Citations** | 403 U.S. 388 (https://supreme.justia.com/us/403 /388/case.html) (*more*) 91 S. Ct. 1999; 29 L. Ed. 2d 619; 1971 U.S. LEXIS 23 |
| **Prior history** | Dismissed, 276 F. Supp. 12 (E.D.N.Y. 1967); affirmed, 409 F.2d 718 (http://openjurist.org/409/f2d /718/bivens-v-six-unknown-named-agents-of-federal-bureau-of-narcotics) (2nd Cir. 1969) |
| **Subsequent history** | On remand, reversed, 456 F.2d 1339 (http://openjurist.org/456/f2d /1339/bivens-v-six-unknown-named-agents-of-federal-bureau-of-narcotics) (2nd Cir. 1972) |

**Holding**

Individuals have an implied cause of action against federal government officials who have violated their constitutional rights. Second Circuit Court of Appeals reversed and remanded.

**Court membership**

**Chief Justice**
Warren E. Burger

**Associate Justices**
Hugo Black · William O. Douglas
John M. Harlan II · William J. Brennan, Jr
Potter Stewart · Byron White
Thurgood Marshall · Harry Blackmun

**Case opinions**

50